**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000706
25-MAR-2025
08:07 AM
Dkt. 79 SO**

NO. CAAP-22-0000706

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KEVIN COLE, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(LAHAINA DIVISION)
(CASE NO. 2DTA-22-00351)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka, and McCullen, JJ.)

Defendant-Appellant Kevin Cole (**Cole**) appeals from the November 2, 2022 Findings of Fact, Conclusions of Law, and Verdict (**Verdict**) entered by the Lahaina Division of the District Court of the Second Circuit (**District Court**).[1] Upon a temporary remand from this court, a Judgment and Notice of Entry of Judgment was entered on March 13, 2023 (**Judgment**).

After a bench trial, Cole was convicted of, *inter alia*, Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**)

---

[1] The Honorable Bevanne J. Bowers presided.

§ 291E-62(a) (2020),[2] for an incident that occurred on April 14, 2022.

Cole raises two points of error on appeal, contending that the District Court erred in finding and concluding that: (1) Cole drove his car in violation of any restriction placed in his license, in violation of HRS § 291E-62(a)(1), and that Cole recklessly drove his vehicle without a physical interlock permit in violation of HRS § 291E-62(a)(2).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Cole's points of error as follows:

Cole does not dispute the District Court's findings of fact, including that:  (1) "[Cole's] license was suspended/revoked by the Administrative Driver's License

_____

[2]     HRS § 291E-62(a) states:

> **§ 291E-62  Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.** (a)  No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:
>
> (1)     In violation of any restrictions placed on the person's license;
>
> (2)     While the person's license or privilege to operate a vehicle remains suspended or revoked;
>
> (3)     Without installing an ignition interlock device required by this chapter; or
>
> (4)     With an ignition interlock permit unless the person has the ignition interlock permit in the person's immediate possession.

Revocation Office [(**ADLRO**)] for Operating a Vehicle Under the Influence of an Intoxicant from April 5, 2022 to April 4, 2024;" (2) although Cole had mailed in the required paperwork for an ignition interlock permit and installed an ignition interlock device (**IID**), on April 14, 2022, he had not yet been issued an ignition interlock permit; and (3) although Cole testified that "he believed that all he needed to drive on his revoked license was the IID device installed, current insurance, and paperwork showing such mailed to the ADLRO," on cross-examination, Cole acknowledged that the notice he received from ADLRO stated that "You must obtain an ignition interlock permit."

When the evidence adduced at trial is considered in the strongest light for the prosecution, with all reasonable and rational inferences under the facts in evidence, including circumstantial evidence, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there is substantial evidence to support Cole's conviction.

Cole knew that his license was revoked, and he received written notice that an ignition interlock permit, as well as an IID device, was required for him to drive during the period of revocation.

The state of mind required to establish an offense under HRS § 291E-62(a)(1) or (a)(2) is not specified and, therefore, is established if a person acts intentionally, knowingly, or recklessly. HRS § 702-204 (2014). "A person acts recklessly with respect to attendant circumstances when he

consciously disregards a substantial and unjustifiable risk that such circumstances exist."  HRS § 702-206(3)(b) (2014).

> A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

HRS § 702-206(3)(d) (2014).

Circumstantial evidence and reasonable inferences arising from the evidence of a defendant's acts, conduct, and all of the circumstances may be sufficient to establish the requisite state of mind.  See, e.g., State v. Eastman, 81 Hawaiʻi 131, 141, 913 P.2d 57, 67 (1996).

We reject Cole's contention that there was insufficient evidence that he acted with the requisite state of mind to support his conviction.  As set forth above, HRS § 291E-62(a) includes that:  "No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section . . . shall operate or assume actual physical control of any vehicle . . . (2) [w]hile the person's license or privilege to operate a vehicle remains suspended or revoked[.]" (Formatting altered).  The State was thus required to prove only that Cole had a reckless state of mind regarding whether his license remained suspended or revoked on April 14, 2022.  Upon review of the District Court's undisputed findings, we conclude that there was substantial evidence to support Cole's reckless state of mind concerning his lack of a required interlock permit. Therefore, we further conclude that there was substantial evidence to support Cole's conviction.

Accordingly, the District Court's November 2, 2022 Verdict and March 13, 2023 Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, March 25, 2025.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
Office of the Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
Department of the Prosecuting
Attorney, County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge